PHILIP J. TRENCHAK, ESQ.
Nevada State Bar No. 9924
Mullins & Trenchak, Attorneys at Law
1614 S. Maryland Parkway
Las Vegas, Nevada 89104
P: (702) 778-9444
F: (702) 778-9449
E: phil@mullinstrenchak.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MANDI BINNINGER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WBF MCDONALD'S MANAGEMENT LLC, a foreign limited-liability company, doing business as MCDONALD'S; DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**Causes of Action:**<br>1) **Discrimination based upon race**<br>2) **Discrimination based upon sexual harassment**<br>3) **Discrimination based upon Disability**<br>4) **Violation of the FMLA**<br>5) **Retaliation under State and Federal Law**<br>6) **Violation of the FLSA**<br>7) **Wrongful Termination in violation of public policy-Whistleblower**<br>8) **I.I.E.D./N.I.E.D.**<br>9) **Negligent Supervision** |

## COMPLAINT

Plaintiff, MANDI BINNINGER (hereinafter "Plaintiff" or "Ms. Binninger") by and through her attorney PHILIP J. TRENCHAK, Esq., of Mullins and Trenchak, Attorneys at Law, hereby brings suit against, WBF MCDONALD'S MANAGEMENT LLC, a foreign limited-liability company, doing business as, MCDONALD'S (hereinafter "Defendants"), inclusive, and avers and alleges as follows:

## JURISDICTION

1.  This is an action for damages arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e to 2000e-17 (retaliation), Section 706 of Title VII unlawful discharge, Retaliation in violation of Federal Laws, and various other Federal Employment Statutes listed below.

2.  This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. §

1331 (federal question), 28 U.S.C. §1343(a)(4)(civil rights action) and 42 U.S.C. §2000e-5(f)(3)(unlawful discrimination and retaliation in employment). This Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

3. All material allegations relative to the named defendants contained in this Complaint are believed to have occurred in the State of Nevada, Clark County. Therefore, venue properly lies in the Southern Division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

4. Plaintiff initiated the process of filing a Charge of Discrimination against her former employer, the Defendant named in this action, with the United States Equal Opportunity Commission ("EEOC") wherein she alleged retaliation as a continuing action. This was done within 300 days of the incident giving rise to this complaint.

5. Thereafter, Plaintiff's attorney received MANDI BINNINGER's Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission. Please see attached Exhibit A.

6. This action is being filed within 90 days of the EEOC "Right to Sue" Letter being received by Plaintiff. Therefore, this action is timely.

7. Plaintiff has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with this Court.

## PARTIES

8. Plaintiff is, and was at all times material to this action, an individual, residing in the state of Nevada, employed by Defendant.

9. WBF MCDONALD'S MANAGEMENT LLC, a foreign limited-liability company, doing business as, MCDONALD'S (Collectively known hereinafter as "Defendant" or "employer").

## GENERAL ALLEGATIONS

10. Plaintiff is informed and believes, and thereupon alleges, that on or about April of 2019, Plaintiff entered into employment with Defendant.

11. Ms. Binninger informed management that she had a Disability that affected one or more life activity, which was Graves' Disease, during the interview, prior to being hired.

12. Ms. Binninger informed all of her managers, while employed by Defendant, that she had

this Disability.

13. Ms. Binninger is a mother of four (4) children.

14. Upon beginning to work for Defendant, Ms. Binninger immediately began to notice that she was not being paid the exact hours that she worked.

15. Ms. Binninger brought this issue to the attention of management, and the issue was never resolved.

16. Ms. Binninger noticed that there were several health code violations at Defendant's workplace, which she documented and shared with management.

17. In November of 2019, Ms. Binninger was forced to return to work with an upper respiratory infection.

18. Ms. Binninger was having organ failure at the time, but because her job was threatened, Ms. Binninger came to work.

19. Ms. Binninger made a complaint with OSHA in January of 2020, regarding unsafe work practices.

20. In March of 2020, due to the pandemic, and because she had not been offered any personal protective equipment by Defendant, Ms. Binninger requested a leave of absence under the Family Medical Leave Act (FMLA) due to her Graves' Disease, and her compromised immune system.

21. This request was summarily denied, and Ms. Binninger was told that there are many people waiting to replace her due to the pandemic.

22. Ms. Binninger continued to work for Defendant.

23. In May of 2020, an individual attempted to rape Ms. Binninger and her co-worker in the dining area of the McDonalds.

24. The individual was chased out of the dining area and out of the restaurant by another employee.

25. Management would not allow Ms. Binninger to lock the restaurant.

26. Ms. Binninger was written up on several occasions for bringing health code violations to the attention of management.

27. The violations include serving expired food to customers and not having soap on hand and

no hot water.

28. In June of 2020, Ms. Binninger contacted OSHA, due to the lack of Personal Protective Equipment in the midst of a global pandemic.

29. In June of 2020, Ms. Binninger contacted the Health Department over the lack of Personal Protective Equipment, unsanitary conditions, and she let the Health Department know that someone tested positive for covid-19, and that individual was still working in Defendant's kitchen preparing food.

30. Protective Face Masks were not provided to employees until the middle of July of 2020.

31. In July of 2020, the manager sent unwelcome sexual texts to Ms. Binninger.

32. Ms. Binninger asked this manager to discontinue sending the sexually explicit text messages, and the manager would not stop.

33. This manager would contact Ms. Binninger while she was working, to tell Ms. Binninger that she was watching Plaintiff on the surveillance cameras.

34. This particular manager explained that she could see inside of Ms. Binninger's shirt on the surveillance cameras.

35. Stated particular manager made additional lewd comments about Plaintiff's body.

36. Plaintiff asked this particular manager to stop sexually harassing Plaintiff.

37. On or about August 4, 2020, two young teenage girls were killed in a car accident in front of the Maryland Parkway Location, at 3815 S. Maryland Pkwy Las Vegas, NV 89109.

38. Plaintiff was forced to clean up portions of the remains of the two children, including a tremendous amount of blood that had gotten into the drive through area, along with a large tree.

39. Personal Protective Equipment was not given to Plaintiff.

40. On or about August 8, 2020, Ms. Binninger was yelled at and spit on by her manager, the same manager that she had asked to stop sexually harassing Plaintiff.

41. Ms. Binninger left the restaurant and contacted the General Manager and explained that this manager, that was so angry she had just spit on the person of Plaintiff, had sexually harassed her, that the manager was contacting her while she working, and making lewd comments about her physical appearance, and that this manager also requested that Ms. Binninger pose in certain ways for the manager, while she watched Plaintiff on surveillance video.

42. Ms. Binninger was then wrongfully terminated on that date: August 8, 2020.

43. Plaintiff suffered additional damages set forth in this Complaint.

### FIRST CAUSE OF ACTION
### (Discrimination Based on Race in violation of State and Federal Statutes)

44. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

45. Plaintiff is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on race.

46. Plaintiff is a non-hispanic, white female, who was told by one manager in particular, that she only wanted Hispanics working for her.

47. Defendant, as an employer, is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq. and Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination.

48. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff to disparate terms of employment.

49. Defendant discriminated against Ms. Binninger when it retained as an employee, and a manager, who continued to subject Plaintiff to discrimination in the workplace.

50. No other similarly situated persons, not of Ms. Binninger's protected class were subject to the same or substantially similar conduct.

51. Ms. Binninger suffered adverse economic impact including but not limited to loss of pay, benefits, expenses and other damages which will be more fully described at the time of trial.

52. Ms. Binninger was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against her.

53. Ms. Binninger suffered and continues to suffer compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by her employer.

54. Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

55. Pursuant to 1991 Amendments to title VII, Plaintiff is entitled to recover punitive damages

for Defendant's malicious, intentional repeated violations of federal and state civil rights laws.

56.  Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her gender.

57.  As a direct and proximate result of the unlawful conduct by Defendant, either directly or indirectly through its employees, Plaintiff suffers and continues to suffer thousands of dollars in the form of lost income and loss of benefits and additional amounts of money she would have received had said Defendant not violated her rights.

58.  Therefore, Plaintiff is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION
**(Sexual Harassment in violation of State and Federal Statutes)**

59.  Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

60.  During her employment with Defendant, Plaintiff was subjected to lewd comments and explicit sexual text messages, and to disparate treatment carried out by Defendant.

61.  Defendant then terminated Plaintiff when she asked Defendant's manager to cease the sexual harassment.

62.  Plaintiff believes that Defendant ratified the actions and inactions carried out by their management.

63.  The sexual harassment, directed toward Plaintiff, created a stressful, dangerous, and intolerable work environment for Plaintiff.

64.  As a result of the harassment described herein, Plaintiff also suffered stress related symptoms which caused her to suffer physical manifestations therefrom, including but not limited to loss of appetite, loss of sleep, depressed moods, and headaches.

65.  The above-described harassing treatment was in violation of Title VII of the Civil Rights Act of 1964, as amended.

66.  As a direct and proximate result of the unlawful conduct by Defendant, either directly or indirectly through its employees, Plaintiff suffers and continues to suffer thousands of dollars of damages

in the form of lost income, loss of benefits, and additional amounts of money she would have received, had said Defendants not violated her rights.

67. Plaintiff has suffered mental anguish, physical distress, and humiliation.

68. As a result of said conduct, Plaintiff has suffered damages in an amount within the Court's jurisdiction, according to proof, including but not limited to attorney's fees and litigation costs to which Defendants are responsible, and Plaintiff will seek leave to amend this Complaint accordingly or will seek damages according to proof at trial.

69. Plaintiff is informed and believes and thereon alleges that in taking the actions alleged above, Defendant acted with malice, fraud or oppression, indifference and in reckless disregard of Plaintiff's rights, with the intent to cause injury and emotional distress to Plaintiff.

70. The conduct of Defendant was outrageous and despicable and warrants the award of punitive damages, against all the named Defendants in an amount sufficient to punish Defendants and make an example of same.

71. Plaintiff had to engage in the services of attorneys for representation in this matter and is entitled to an award of reasonable attorney's fees.

**THIRD CAUSE OF ACTION**
**(Discrimination Based on Disability in violation of State and Federal Statutes)**

72. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

73. Plaintiff is a member of the class of persons protected by state and federal statutes, prohibiting discrimination based on Disability.

74. Plaintiff is a qualified individual able to perform her job tasks, with a reasonable accommodation.

75. Plaintiff informed Defendant that she had a disability, and that it was affecting her job.

76. Plaintiff is a qualified individual with a disability that is able to perform the essential functions of her job with a reasonable accommodation.

77. Defendant was aware of the disability but never offered a reasonable accommodation, and did not engage in the interactive process with Plaintiff to help her to obtain a reasonable accommodation to assist her in performing the essential functions of her position.

78. No reasonable accommodations were made even though Plaintiff made her employer aware that she has a disability that was affecting her work.

79. Defendant never engaged in the interactive process of attempting to obtain a reasonable accommodation for Ms. Binninger.

80. Defendant, as an employer is subject to Nevada and federal statutes prohibiting discrimination based upon Disability, NRS 613.330 et. seq. and the ADA et. seq. as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination based upon Disability.

81. Plaintiff informed Defendant she had a disability affecting a major life function.

82. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff, based upon her Disability.

83. No other similarly situated persons, not of Ms. Binninger's protected class, were subject to the same or substantially similar treatment.

84. Plaintiff suffered adverse economic impact including but not limited to loss of pay, benefits, expenses, and other damages which will be more fully described at the time of trial.

85. Plaintiff was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against her.

86. Plaintiff suffered, and continues to suffer compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by her employer.

87. Plaintiff is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

88. Plaintiff is entitled to recover punitive damages for Defendant's malicious, intentional repeated violations of federal and state civil rights laws.

89. Plaintiff suffered damages in an amount to be deemed sufficient by a jury.

90. Plaintiff is entitled to an award of reasonable attorney's fees.

91. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her Disability.

92.    Therefore, Plaintiff is also entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE FAMILY MEDICAL LEAVE ACT (FMLA))

93.    Plaintiff repeats, re-alleges, and incorporates herein by reference, the allegations contained in the foregoing paragraphs as though fully set forth herein.

94.    The Family and Medical Leave Act applies to employers that meet the following requirements:

   a.) Employees at companies with 50 or more employees who work within 75 miles of the primary work site; and,

   b.) Employees must have worked at the company for at least 12 months (for at least 1,250 hours in those 12 months) before they can take leave under FMLA.

95.    Plaintiff did work for the Plaintiff beginning in early April of 2019.

96.    Plaintiff was unlawfully terminated on August 8, 2020.

97.    Plaintiff was employed for longer than twelve (12) months at the time of her unlawful termination.

98.    Defendant also employs in excess of fifty (50) individuals.

99.    Plaintiff was therefore entitled to leave under the Family and Medical Leave Act.

100.    When an employee requests FMLA leave or the employer acquires knowledge that leave may be for a FMLA purpose, the employer must notify the employee of his or her eligibility to take leave, and inform the employee of his or her rights and responsibilities under the FMLA.

101.    When the employer has enough information to determine that leave is being taken for a FMLA-qualifying reason, the employer must notify the employee that the leave is designated and will be counted as FMLA leave.

102.    Plaintiff was not eligible for FMLA leave when she originally requested leave, Defendant knew that Plaintiff required FMLA Leave for herself, a month after she initially requested leave pursuant to the FMLA.

103.    Defendant never informed Plaintiff of her rights under the FMLA, and terminated her

9

employment five (5) months after she initially requested leave under the FMLA.

104. Plaintiff was legally entitled to FMLA Leave and Defendant knew that there was an underlying medical reason for the FMLA Leave given Plaintiff's documented qualifying disability that Plaintiff informed Defendant about.

105. Plaintiff was required to retain counsel to prosecute this FMLA violation cause of action and is entitled to an award of reasonable attorney's fees and costs.

## FIFTH CAUSE OF ACTION
### (Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and Nevada State Law, NRS 613.340)

106. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

107. In violation of 42 U.S.C § 2000e-3, Defendant retaliated against Plaintiff after she informed management that she had a disability and that she was ill, and she needed FMLA approved leave, that she was being sexually harassed, and that she was harassed based upon her race.

108. In violation of NRS 613.340, Defendant retaliated against Plaintiff after she informed her employer on multiple occasions that she herself had a disability and that she needed FMLA approved leave, that she was being sexually harassed, and that she was harassed based upon her race.

109. The behavior complained of also constitutes retaliatory discrimination.

110. There may be more detrimental acts of which Plaintiff is unaware which may also constitute retaliation in that it harmed Plaintiff in her workplace.

111. The aforementioned actions and conduct by Defendant, constitutes illegal retaliation, which is prohibited by federal and state statutes.

112. Plaintiff has been seriously harmed, economically and emotionally, by this unlawful retaliation and she is entitled to be fully compensated.

113. Plaintiff had to engage the services of attorneys for representation in this matter and is entitled to an award of reasonable attorney's fees.

## SIXTH CAUSE OF ACTION-
### (WRONGFUL TERMINATION-in Violation of Public Policy-Whistleblower)

114. Plaintiff incorporate all allegations in the preceding paragraphs as though fully set forth herein.

115.    Whistleblowing activity, which serves a public purpose, is protected. So long as employee's actions are not merely private or proprietary, but instead seek to further the public good, the decision to expose illegal or unsafe practices should be encourage. *Allum v. Valley Bank of Nevada,* 114 Nev. 1313, 970 P.2d 1062 (1998).

116.    Plaintiff made a complaint to OSHA, and the Health Department at intervals discussed above.

117.    Plaintiff made her identity known to OSHA and the Health Department.

118.    Plaintiff made formal complaints to these government agencies of unsafe work conditions mentioned above and afterward was subject to retaliatory treatment at the hands of management including Plaintiff's termination on or about August 8, 2020 for filing complaints with these government agencies.

119.    Plaintiff has been seriously harmed, economically and emotionally by this wrongful termination and are entitled to be fully compensated therefor.

120.    Plaintiff had to engage in the services of attorneys for representation in this matter and are entitled to an award of reasonable attorney's fees.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA))

121.    Plaintiff repeats, re-alleges, and incorporates herein by reference, the allegations contained in the foregoing paragraphs as though fully set forth herein.

122.    Plaintiff is owed an undetermined amount of hourly and overtime pay.

123.    Plaintiff was specifically underpaid between June 1, 2020 and June 15, 2020 by twelve (12) hours and sixteen (16) minutes.

124.    Plaintiff is unsure of the exact amount owed.

125.    Plaintiff was required to retain counsel to prosecute this fraud cause of action and is entitled to an award of reasonable attorney's fees and costs.

## EIGHTH CAUSE OF ACTION
### (Intentional/Negligent Infliction of Emotional Distress)

126.    Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

127.    Defendants' conduct toward Plaintiff was extreme and outrageous and caused significant emotional harm, headaches, sleeplessness and various physical and mental distress.

128. Defendants' conduct was extreme, outrageous, and undertaken with either intent or, reckless disregard for causing Plaintiff emotional distress.

129. Defendants had a duty to refrain from engaging in the hostile and retaliatory acts as described above.

130. Defendants breached that duty.

131. Defendants intentional or negligent conduct was the legal, actual, proximate cause of Plaintiff's extreme and/or severe emotional distress by engaging in the conduct described herein.

132. Plaintiff has been seriously harmed, economically and emotionally by this unlawful retaliation and she is entitled to be fully compensated therefor.

133. Plaintiff is entitled to an award of reasonable attorney's fees.

## NINTH CAUSE OF ACTION
### (Negligent Supervision/Retention/Hiring)

134. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

135. Defendant had an obligation to provide Plaintiff with a workplace free of threat, harassment, retaliation, deprivation of her civil and constitutional rights, and denigration by her superiors and/or co-workers.

136. Defendant studiously ignored Plaintiff's multiple complaints regarding the retaliation and harassment she suffered.

137. Defendant knew or should have known of its employees' proclivities for improper, unreasonable, outrageous, harassing and retaliatory actions such that an exercise of reasonable care would have stopped and or prevented such conduct.

138. Defendant's failure to properly hire, supervise and or retain its employees and address this conduct in an appropriate manner caused injury to Plaintiff.

139. Plaintiff has been seriously harmed, economically and emotionally by this unlawful treatment and retaliation, therefore, she is entitled to be fully compensated.

140. Plaintiff is entitled to an award of reasonable attorney's fees.

**WHEREFORE**, Plaintiff prays for relief against Defendants, each of them, as follows:

## ON ALL CAUSES OF ACTION

1. For compensatory damages in the principal amount in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial;

2. For punitive damages in the principal amount in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial;

3. For special damages in the principal amount in excess of seventy-five thousand dollars, ($75,000.00) to be proven at trial;

4. For attorney's fees and costs incurred;

5. For all damages in an amount to be proved at trial;

6. For costs of suit herein incurred;

7. For reasonable interest on amounts due; and

8. For any such other and further relief as this Court deems just and proper.

DATED this 15th day of December, 2020.

                                              **MULLINS & TRENCHAK, ATTORNEYS AT LAW**

                                              */s/ Philip J. Trenchak*

                                              Philip J. Trenchak, Esq.
                                              Nevada Bar No. 009924
                                              Mullins & Trenchak, Attorneys at Law
                                              1614 S. Maryland Parkway
                                              Las Vegas, NV 89104

## PLAINTIFF'S JURY DEMAND

Plaintiff, MANDI BINNINGER by and through her attorneys of record, PHILIP J. TRENCHAK, ESQ. of the law firm MULLINS & TRENCHAK, ATTORNEYS AT LAW, respectfully submits this Demand for Jury pursuant FRCP 38 in the above captioned matter.

DATED this 15th day of December 2020.

**MULLINS & TRENCHAK, ATTORNEYS AT LAW**

*/s/ Philip J. Trenchak*

PHILIP J. TRENCHAK, ESQ.
Nevada State Bar No. 009924
VICTORIA C. MULLINS, ESQ.
Nevada State Bar No. 13546
1614 S. Maryland Parkway
Las Vegas, Nevada 89104
P: (702) 778-9444
F: (702) 778-9449
E: phil@mullinstrenchak.com
E: victoria@mullinstrenchak.com
Attorneys for Plaintiff

## MANDI BINNINGER'S VERIFICATION OF COMPLAINT

Under penalties of perjury, I declare that I am the Plaintiff in the above-entitled action, that I have read the foregoing COMPLAINT. I know the contents thereof, and I further declare that the pleadings are true and correct of my own knowledge, except for those matters therein contained stated upon information and belief, and that as to those matters, I believe them to be true.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

DATED this 15th day of December 2020.

By: _____
MANDI BINNINGER

# **Exhibit A**
# Right to Sue Notice

EEOC Form 161-B (11/16)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Mandi Binninger<br>446 East Twain Ave., Unit 2-69<br>Las Vegas, NV 89169 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2020-01845 | Michael L. Mendoza,<br>**Supervisory Investigator** | **(702) 553-4466** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Tamara M. West
*Digitally signed by Tamara M. West*
*DN: cn=Tamara M. West, o=EEOC,*
*ou=Director-LVLO,*
*email=tamara.west@eeoc.gov, c=US*
*Date: 2020.09.15 09:56:00 -07'00'*

Enclosures(s)

Tamara M. West,
Local Office Director

*(Date Mailed)*

cc:   Human Resources
      WBF MANAGEMENT LLC
      1775 N Martin L King Blvd
      Las Vegas, NV 89106

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.